IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RODELL THOMPSON,

                Petitioner,                                ORDER

    v.                                                        17-cv-805-wmc

BRIAN FOSTER, Warden,
Waupun Correctional Institution,

                Respondent.
_____

In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2254, petitioner Rodell Thompson challenges his 2014 conviction in the Circuit Court for La Crosse County of sexual assault, false imprisonment and battery. This court previously screened the petition and ordered the state to respond to the following claims: (1) Thompson's trial counsel was ineffective for failing to adequately address the victim's claim that Thompson forced her to urinate on the basement floor of the home where the assault occurred; (2) trial counsel failed to impeach the testimony of a witness, J.K., who was allowed to provide stipulated testimony concerning an "other acts" incident; and (3) trial counsel failed to adequately impeach the victim at a pretrial hearing with evidence concerning her mental health. Dkt. 5, at 2. The state responded to the petition on November 15, 2018. Dkt. 22.

Thompson now asks the court to stay this case and place it in abeyance while he exhausts the following claims in state court: (1) the real controversy was not fully tried; (2) trial counsel was ineffective for failing "to adequately investigate the alleged urine stain and/or smell on the basement floor, and/or DNA" and for failing to interview the homeowner,

who allegedly would have corroborated Thompson's version of events; and (3) the evidence was insufficient to support the verdict of sexual assault. Dkt. 26. Thompson asserts ineffective assistance of post-conviction/appellate counsel as the reason for his failure to exhaust these claims. He further asserts that he would have requested a stay earlier in this case, but he has been unable to get his legal documents from the jailhouse lawyer who has been helping him.[1]

Technically, Thompson should seek permission to amend his petition to include the new claims before this court would consider them, but I'm not going to require that here because this court would not stay Thompson's petition in any event. Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), courts may stay a mixed petition, that is, a petition containing both exhausted and unexhausted claims, in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id*. at 275. Stay and abeyance are available only if there was good cause for petitioner's failure to exhaust his claims in state court first, if the unexhausted claims are not plainly meritless, and if the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.

There is no need for a stay in this case because Thompson's unexhausted claims are plainly meritless. His claim that the "real controversy was not fully tried" is based on state law, not the United States Constitution. He already has exhausted his ineffective assistance claim related to the urine. As for counsel's alleged failure to interview the homeowner, Thompson presents no evidence showing what the homeowner would have said had he been interviewed or that, had he been called as a witness, his testimony would have had a

---

[1] In fact, Thompson's motion for a stay consists mostly of complaints about the institution's handling of the jailhouse lawyer's legal documents. I will address these concerns in a separate order.

reasonable probability of leading to a different outcome at trial.  Finally, Thompson's claim that the jury's verdict was not supported by substantial evidence has no chance of success.  A review of the transcript of the jury trial, dkts. 22-20-21, shows that the verdict was supported by the victim's testimony, which was corroborated by the SANE exam she underwent shortly after the assault.

For all these reasons, Thompson's motion for a stay, dkt. 26, is DENIED.

Entered this 26th day of December, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge