IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RODELL THOMPSON,

                Petitioner,              OPINION AND ORDER

v.                                              17-cv-0805-wmc

BRIAN FOSTER, Warden,
Waupun Correctional Institution,

                Respondent.

This is a petition for habeas corpus relief brought under 28 U.S.C. § 2254 by Rodell Thompson, an inmate at the Waupun Correctional Institution. Before the court is petitioner's motion for the court to appoint a lawyer to represent him. Dkt. 30. Also requiring discussion is a motion filed by petitioner last October in which he sought to prevent the institution from sending outside the prison some of his legal materials that he had entrusted to another inmate named Jerry Wheeler. Dkt. 17. As explained below, the motion for appointment of counsel will be denied and petitioner's motion for an order prohibiting the institution from sending legal documents out will be denied as moot. However, the court will establish a new briefing schedule to give petitioner one last opportunity to file a brief in support of his habeas petition, if he so chooses.

BACKGROUND

Let's begin with petitioner's legal materials. On September 17, 2018, petitioner filed a motion asking the court to order respondent to allow petitioner access to legal documents that the had provided to another inmate, Jerry Wheeler, who was helping him with his habeas petition. Dkt. 9. Petitioner asserted that institution staff had seized these documents, along

with numerous other materials, from Wheeler because Wheeler was over the limit on personal property allowed by DOC regulations. As a result, Wheeler had been forced to send some of them out with a third party, Pastor Zimmerman, or else they would have been confiscated. However, Pastor Zimmerman had sent all the documents back and they were again being held in the institution's property room. Petitioner said Wheeler was in the process of trying to retrieve the documents through the inmate complaint process, but that this process would likely not be concluded before petitioner needed to file documents in this case. Petitioner asked this court for an order allowing Wheeler to go through the confiscated documents to retrieve those pertaining to petitioner's case and return them to him.

On September 18, 2018, this court entered an order directing the assistant attorney general to "check with WCI to verify the gist of petitioner's report and to ask how and when WCI intends to return any confiscated documents to the inmates who entrusted them to Wheeler." Dkt. 14. The State was ordered to do so not later than October 31.

On October 23, 2018, petitioner filed a document captioned "Emergency Motion For an Order To The Respondent Not To Force My Legal Documents Relevant To This Case To Be Sent Out." Dkt. 17. Petitioner essentially repeated his previous motion, but said that waiting for the State's response until October 31 might be too late to prevent the documents from being again sent out of the institution with a third party.

As it turns out, petitioner's motion was already too late. According to respondent, who responded on October 30, Wheeler's excess legal documents had been sent out of WCI with Pastor Zimmerman on September 17, 2018, which was the date on which petitioner filed his original motion. Dkt. 21. Thus, respondent argued, petitioner's motion was moot because the

2

materials confiscated from Wheeler's cell were no longer in his possession. Moreover, he pointed out that petitioner had not demonstrated why he needed the materials or that his lack of access to them would prevent him from prosecuting his habeas corpus petition. *Id*. at 7-8. Finally, said respondent, he would soon be filing his response to the petition that would include the relevant portions of the record as well as the index from petitioner's state court appeal. Counsel promised to supplement the record with any additional documents from the record at petitioner's request.

Respondent filed his answer to the petition with the relevant materials on November 15, 2018. Dkt. 22. Petitioner was directed to file a brief in support of his petition by December 17, 2018. On December 4, 2018, he asked for an extension, asserting that Wheeler was busy with lots of cases and that he did not know when he would get his documents back from Pastor Zimmerman. Dkt. 23, ¶3(D). That same day, this court granted petitioner's request for an extension, giving petitioner until February 15, 2019 to file his brief. Dkt. 24.

Two days later, however, petitioner filed a motion to stay the petition so that he could return to state court to pursue unexhausted claims. Dkt. 26. Although captioned as a motion to stay, the bulk of the motion complained that WCI staff had unlawfully confiscated Wheeler's legal materials and then respondent had "lied" about it. Like the previous motion for an extension, the motion for a stay confirmed that Wheeler's excess legal materials were no longer in the institution but had been picked up by Pastor Zimmerman. Petitioner's motion suggested that at least some of those materials pertained to petitioner's habeas petition. Dkt. 26, at 29 (indicating that petitioner "needs the note, drafted briefs, and argument prepare by Wheeler" and other inmates).

3

On December 26, 2018, this court denied the motion to stay, and indicated that it would address petitioner's concerns about the institution's handling of his legal materials in a separate order. Dkt. 27, n.2. However, through an oversight, the court did not issue such an order and petitioner said nothing more about the matter.

Petitioner failed to file a brief on or before his February 15 deadline, and the petition was placed under advisement. Two months later, on April 22, 2019, petitioner asked the court for a status update, dkt. 28, to which the clerk of court responded that the petition was under advisement to presiding judge William Conley. Dkt. 29. Approximately a month later, on May 28, 2019, petitioner filed the instant motion seeking the appointment of counsel.

OPINION

In the context of a petition under § 2254, a federal court may appoint counsel for a financially eligible petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(g); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). When ruling on requests for counsel, courts must consider the complexity of the case and the litigant's abilities. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). As for his abilities, petitioner asserts that he cannot read or spell and therefore will not be able to prosecute his petition without the assistance of counsel. At the same time, however, he asserts that he wrote to three different law firms to seek assistance, and he filed the instant motion, which is coherent and logical. Petitioner does not say whether he prepared these documents on his own or had assistance from Wheeler or another jailhouse lawyer. Thus, petitioner's reading and writing abilities are difficult to assess.

In any event, this case is not particularly complex. Petitioner brings three claims of ineffective assistance of trial counsel, all of which were raised in the state trial court, and two of which were raised in the state court of appeals. Respondent has submitted with his response a copy of the relevant state court proceedings and the briefs filed by petitioner's attorneys in the Wisconsin Court of Appeals and Wisconsin Supreme Court. Dkt. 22. Even without legal training, petitioner should be able to use these materials to draft a brief in support of his petition. Additionally, this court is well-versed in the law governing habeas corpus procedure and the ineffective assistance of counsel claims raised in the petition. It handles *pro se* cases on a regular basis and strives to ensure that unrepresented litigants are treated fairly. At this stage of the proceedings, and given the rather straightforward issues raised in the petition, the court is satisfied that petitioner will receive a fair adjudication of his petition even without the assistance of counsel. However, if, after receiving the parties' briefs, the presiding judge determines that there are issues in the case that the parties did not address adequately, then the court will likely recruit counsel on petitioner's behalf to ensure a fair adjudication of this petition.

That said, although this court will establish a new briefing schedule, it is not *necessary* for petitioner to file a reply brief. If he decides not to, then the court will decide the case based on the petition, the response, and the documents attached to those pleadings.

Finally, as for Wheeler's legal materials—which I will assume included documents that he prepared on petitioner's behalf— this court cannot order the institution to return documents that it does not have. Nor is this habeas proceeding the proper forum in which to determine whether WCI violated any prison regulations or petitioner's rights in confiscating the materials from Wheeler's cell or in allowing Pastor Zimmerman to pick them up; that claim would have

5

to be raised in a separate lawsuit filed under 42 U.S.C. § 1983. In any event, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the *courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Petitioner has been able to access the court, and I am giving him more time to file a brief in support of his petition. Copies of the relevant state court documents and transcripts were attached to the State's response and the assistant attorney general on the case has represented that he will supplement the answer with additional documents from the record if petitioner asks for them. Accordingly, although petitioner has undoubtedly been inconvenienced by the mix-up with Wheeler's documents, he has not been prejudiced by it.

ORDER

IT IS ORDERED THAT:

1. Petitioner's motion for the appointment of counsel, dkt. 30, is DENIED at this time.

2. Petitioner's emergency motion to prevent WCI from sending Jerry Wheeler's legal materials outside of the institution, dkt. 17, is DENIED AS MOOT.

3. Petitioner has until October 4, 2019 to file a brief in support of his petition for a writ of habeas corpus if he wishes to do so. Once petitioner submits his brief in support, respondent shall file a brief in response to the petition within 30 days. Once respondent files a brief in opposition, petitioner shall have 20 days to file a reply brief if he wishes to do so.

4. If petitioner does not file a supporting brief by October 4, 2019, then the petition will be placed under advisement and the presiding judge will decide whether relief is warranted based on the petition, the response, and the record from the state court proceedings.

Entered this 29th day of July, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge