IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODELL THOMPSON,

      Petitioner,      ORDER

v.               17-cv-0805-wmc

BRIAN FOSTER, Warden,
Waupun Correctional Institution,

      Respondent.

---

  This is a petition for habeas corpus relief brought under 28 U.S.C. § 2254 by Rodell Thompson, an inmate at the Waupun Correctional Institution. In an order entered January 23, 2020, the court extended petitioner's deadline for filing a brief in support of his petition to March 23, 2020. In the same order, the court denied Thompson's motion for the appointment of counsel, noting, among other things, that he had the help of another inmate. (Dkt. # 42.) However, on February 11, 2020, Thompson filed another motion, stating that the inmate can no longer help him and that Thompson lacks the education or ability to file a brief on his own. Thompson has moved to voluntarily dismiss his case, presumably without prejudice, stating that he does not want "to procedurally default in this case on his deadlines." (Dkt. # 43.)

  The dismissal of a plaintiff's complaint without prejudice under Fed. R. Civ. P. 41(a)(2) is within the district court's sound discretion. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56. There

is no mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. The factors are merely a guide for the court, with whom the discretion ultimately rests. *Id*.

Petitioner's request for voluntary dismissal will be denied. First, as the court noted in an earlier order, it is not *necessary* for petitioner to file a brief in order to obtain federal review of his claims. If he does not file a brief, then the court still will fairly evaluate his claims based on the petition, the response, the state court decisions, and the relevant records from the state court proceedings. Thompson will not "default" or automatically lose if he does not file a brief.

Second, the petition in this case was filed in October 2017. If this court were to dismiss the petition and Thompson were to attempt to re-file it later, he would lose the benefit of having filed the petition initially within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A). (Although this court has the option to stay the petition rather than dismiss it, the court typically does not stay cases to allow unrepresented litigants to obtain legal help, where the record otherwise does not indicate such help is needed.) In other words, a dismissal now would effectively end Thompson's ability to obtain federal review of his claims, because any later-filed petition would be dismissed as untimely.

Third, as noted in previous orders, the claims raised in the petition are straightforward, and two were raised in the Wisconsin Court of Appeals. The record before this court includes Thompson's briefs from his state court appeal, which fully articulate the basis for two of Thompson's three claims of ineffective assistance of counsel. In reviewing those claims, this court will consider the arguments made on Thompson's behalf in the state court proceedings,

and will also conduct its own, independent analysis of his constitutional claims. In short, Thompson will get a full and fair review of his claims even if he does not file a brief.

Finally, respondent has already expended a fair amount of effort and resources responding to the petition and assembling the relevant state court documents.

For all these reasons, Thompson's motion for voluntary dismissal is denied. He does <u>not</u> need to file a brief in support of his petition, but he may do so if he wishes. His deadline for filing his brief remains March 23, 2020. If the court does not receive a brief on that date, then it will place the petition under advisement and proceed to consider it on its merits.

ORDER

Petitioner Rodell Thompson's motion to voluntarily dismiss his petition (dkt. # 43) is DENIED.

Entered this 13th day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge